J-S45006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY THOMAS BUONAIUTO, III, | |
| Appellant | No. 628 EDA 2019 |

Appeal from the PCRA Order Entered February 6, 2019
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000084-2014

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 21, 2019**

Appellant, Anthony Thomas Buonaiuto, III, appeals *pro se* from the post-conviction court's February 6, 2019 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

According to the PCRA court, Appellant was convicted of a sexual offense in Florida in August of 2003.  **See** PCRA Court Opinion, 1/11/19, at 4.  In 2012, he was notified by the Pennsylvania State Police that he was required to register under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.  Appellant did not do so and, on October 18, 2013, he was charged with failing to register with the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pennsylvania State Police, 18 Pa.C.S. § 4915.1(a)(1), and failing to verify his address or be photographed, 18 Pa.C.S. § 4915.1(a)(2). On September 12, 2014,[1] he pled guilty to the section 4915.1(a)(1) offense, and the (a)(2) offense was *nolle prossed*. Appellant was sentenced on November 6, 2014, to a term of 18 to 120 months' incarceration. He did not file a direct appeal.

On September 1, 2017, Appellant filed a *pro se* PCRA petition alleging that his sentence for failing to register was illegal, as SORNA could not be retroactively applied to him under our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa.2017) (holding that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of Pennsylvania's Constitution). The PCRA court appointed counsel, but Appellant filed a petition to proceed *pro se*. Accordingly, the court conducted a **Grazier**[2] hearing and ultimately granted Appellant's petition to proceed *pro se*. On January 11, 2019, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, along with an accompanying opinion. Appellant filed a timely, *pro se* response, but on February 6, 2019, the PCRA court entered an order denying his petition.

---

[1] We note that the transcript of the guilty plea erroneously states that it occurred on September 12, **2019**. The record clarifies that this date is incorrect, and the plea occurred in 2014.

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Appellant filed a timely, *pro se* notice of appeal. He also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, despite not having been ordered to do so by the court. On April 24, 2019, the court filed a Rule 1925(a) opinion stating that it was relying on the reasons set forth in its January 11, 2019 opinion accompanying its Rule 907 notice.

Herein, Appellant states three issues for our review:

1. Was … [SORNA] unconstitutionally applied retroactively to Appellant?

2. Could a sex offense committed prior to the enactment of SORNA create a situation where retroactive application of SORNA is not an *ex post facto* violation?

3. Is Appellant entitled to *ex post facto* protection and relief from retroactive application of SORNA?

Appellant's Brief at 2.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).[3]

Here, Appellant's judgment of sentence became final on December 6, 2014, and, thus, he had until December 6, 2015, to file a timely petition.  His present petition was not filed until September 1, 2017, making it patently untimely.  Accordingly, Appellant must plead and prove the applicability of one of the timeliness exceptions.  This is true even though he is alleging that his

_____

[3] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

- 4 -

sentence is illegal in light of *Muniz*. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that non-waivable claims challenging the legality of sentence are subject to review within the PCRA, but must first satisfy the PCRA's time limits).

Appellant fails to specifically argue the applicability of any timeliness exception. Nevertheless, even presuming that his reliance on *Muniz* is an attempt to meet the 'new retroactive right' exception of section 9545(b)(1)(iii), this claim fails. In *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018), we explained:

> [Murphy's] reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). In *Commonwealth v. Abdul–Salaam*, 571 Pa. 219, 812 A.2d 497 (2002), our Supreme Court held that,
>
> > [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> *Id.* at 501.
>
> Here, we acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017).

However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in ***Rivera–Figueroa***), he must demonstrate that the **Pennsylvania Supreme Court** has held that ***Muniz*** applies retroactively in order to satisfy section 9545(b)(1)(iii). ***See Abdul–Salaam, supra***. Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on ***Muniz*** to meet that timeliness exception.

***Id.*** at 405-06 (emphasis in original; footnote omitted).

As in ***Murphy***, Appellant's petition is untimely and he cannot demonstrate that ***Muniz*** satisfies the exception of section 9545(b)(1)(iii). Accordingly, we affirm the order denying his petition.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/19

---

[4] The PCRA court did not assess the timeliness of Appellant's petition but, instead, denied his legality of sentencing claim on the merits. However, "this Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis." ***Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000) (citing ***Commonwealth v. Pursell***, 749 A.2d 911, 917 (Pa. 2000); ***Commonwealth v. Ahlborn***, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).